IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:15-cr-50092-TLB-MEF |
| | ) | |
| JEFFERY ATKINS | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Comes now the United States of America, acting by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and for its Response to Defendant's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, states:

### *Background*

On December 9, 2015, Jeffery Atkins (hereinafter "Atkins"), was named in a three-count Indictment returned by the grand jury in the Western District of Arkansas. (Doc. 1). Count One charged Atkins with possession with intent to distribute methamphetamine and Count Two charged him with being a felon in possession of a firearm. A Superseding Indictment was filed on March 16, 2016, in which a third count was added charging Atkins with carrying and possessing a firearm in furtherance of a drug trafficking crime. (Doc. 30).

Atkins pled guilty to Counts Two and Three of the Superseding Indictment on July 8, 2016. (Doc. 55).

1

Atkins' PSR was issued on October 25, 2016. (Doc. 64). The PSR recommended a base offense level of 20 for Count Two, felon in possession offense, pursuant to U.S.S.G. § 2K2.1(a)(4)(A) as Atkins had previously been convicted of a felony controlled substance offense. (PSR, ¶ 35). After a three-point reduction for acceptance of responsibility, the final offense level for Count Two was 17. (PSR, ¶¶ 42 - 44). The guideline range for Count Three, possession of a firearm in furtherance of a drug trafficking crime, was five years. (PSR, ¶ 45). Atkins' statutory range for Count Two was a maximum of 10 years imprisonment while his range for Count Three was a minimum of 5 years imprisonment with a maximum of life. (PSR, ¶ 83). Atkins' advisory guideline range on Count Two was 30 - 37 months while the minimum term of imprisonment on Count Three was 5 years to run consecutively to Count Two's term of imprisonment. (PSR, ¶ 84).

Atkins' sentencing hearing was held on December 6, 2016. (Doc. 75). The Court sentencing Atkins to 14 months imprisonment on Count Two and to a term of 60 months on Count Three to run consecutively to Count Two for a total of 74 months incarceration. (Doc. 77). The departure to 14 months on Count Two was due to the Court granting the United States' motion for a downward departure and based on § 3553(a) factors. (Doc. 78, ¶ VIII). No appeal was taken.

On April 30, 2018, Atkins filed a motion requesting relief based on the recent Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). (Doc. 93). On June 4, 2018, the Court issued an Order directing the Clerk to provide Atkins with a standard § 2255 motion form and ordered Atkins to complete and file the form on or before July 5, 2018. (Doc. 95). Atkins did so making his filing on July 2, 2018. (Doc. 96). The Court ordered the United States to provide a response by August 8, 2018. (Doc. 97).

*Overview*

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). There are generally four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The court may grant the motion if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

In his § 2255 Motion, Atkins seeks to have the Court vacate, set aside, or correct his sentence in light of the recent Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The United States asserts *Dimaya* is inapplicable to Atkins' case and the motion should be dismissed.

*Argument*

**I.    *Sessions v. Dimaya* Is Inapplicable Here**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under this section must be filed within a one-year period that begins to run from the latest of the following dates:

3

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as pertinent to Atkins' filing, the operative date is contained in 28 U.S.C. § 2255(f)(1), "the date on which the judgment of conviction becomes final." Atkins' conviction became final on December 23, 2016, when 14 days passed without him filing an appeal from his judgment. *See* Fed.R.App.P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). As a result, the one-year period of limitations under § 2255 expired on or about December 23, 2017. Atkins' signed his original motion on April 20, 2018, making it time-barred under 28 U.S.C. § 2255(f)(1). However, the Court could exercise jurisdiction if it were to find Atkins' § 2255 Motion timely under § 2255(f)(3) because it was filed within a year of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). Nevertheless, in order for *Dimaya* to qualify Atkins for a later statute of limitations under § 2255(f)(3), the Supreme Court must make the supposed right "retroactively applicable to cases on collateral review." Thus this Court could

4

consider Atkins' claim if it concludes *Dimaya* created a right that has been (1) newly recognized by the Supreme Court and (2) made retroactively applicable to cases on collateral review.

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. Later, the Supreme Court held that *Johnson* was retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Further, the Supreme Court held in *Beckles v. United States*, 137 S.Ct. 886 (2017), that the advisory Sentencing Guidelines were not subject to a vagueness challenge under the Due Process Clause, and that the "residual" clause formerly in the career offender guideline, U.S.S.G. § 4B1.2(a), was not void for vagueness. *Id*. at 895.

In *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court declared unconstitutionally vague 18 U.S.C. § 16(b)[1]. *Dimaya* held that *Johnson* was applicable to "crime of violence" as set out in the Immigration and Nationality Act ("INA"). That result was compelled by a "straightforward application" of the "straightforward decision" in *Johnson*. *Id*. at 1213. The Court found § 16(b) indistinguishable from the residual clause struck down in *Johnson*.

In this case, the Court need not decide whether *Dimaya* applies retroactively to Atkins' case. This is because even if *Dimaya* were retroactive, it provides no relief to Atkins. This is

---

[1] The residual clause of the federal criminal code's definition of "crime of violence" as incorporated into the Immigration and Nationality Act's definition of "aggravated felony" (8 U.S.C.A. § 1101(a)(43)(F)), which is worded essentially identically to the residual clause in § 924(c).

because if *Dimaya* impacts § 924(c) at all, then it would only serve to invalidate the crime of violence residual clause located at § 924(c)(3)(B). *United States v. Johnson*, No. 3:12cr00850, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) (The Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes.); *See*, *United States v. Russell*, No. 1:05cr00401, 2018 WL 3213274, at *3 (E.D.N.Y. Jun. 29, 2018) (The first of defendant's two convictions did not implicate § 924(c)(3)'s "crime of violence" definition at all; it hinged on defendant's use of a firearm during a drug trafficking crime, not during a crime of violence.); *Boyd v. United States*, No. 1:16-CV-22157, 2018 WL 3155830, at *2 (S.D.Fla. Jun. 28, 2018) (Defendant's sentence for knowingly carrying a firearm during and in relation to a drug trafficking crime fell outside the ambit of § 924(c)'s residual clause); *Russaw v. United States*, No. 2:16-cv-08146, 2018 WL 2337301, at *5 (N.D.Ala. May 23, 2018) (Nothing in Dimaya suggests that the definition of a "drug trafficking crime," which outlines specific offenses subject to classification as drug trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B), is unconstitutionally vague.); *United States v. Luckey*, No. 3:16-cv-1984, 2018 WL 2077616, at *3 (N.D.Tex. May 4, 2018) ("because [Luckey] pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime—not use and carry of a firearm during a crime of violence—the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue"). The drug trafficking portion of § 924(c)(2) does not contain a residual clause and clearly states which crimes qualify as a "drug trafficking crime" for a § 924(c) conviction. *Id.* In this case, Atkins' § 924(c) charge was in furtherance of a drug trafficking offense, not a crime of violence. In fact, in pleading guilty, Atkins agreed that he possessed drugs

6

with the intent to distribute them and that the firearm was possessed in furtherance of the drug trafficking. (See Doc. 55, ¶ 3). As a result, the Supreme Court's holding in *Dimaya* has no effect on Atkins' § 924(c) conviction based on his drug trafficking crime. Therefore, Atkins is not entitled to relief.

## II.     No Evidentiary Hearing Is Required and No Certificate of Appealability Should Issue

Title 28, U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing, the court must take many of petitioner's factual averments as true but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993). A hearing is unnecessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate

7

is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.* at 225-6; *see also United States v. Robinson*, 64 F.3d 403 (8th Cir.1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995). Prior to requiring an evidentiary hearing, it is necessary for a petitioner to allege facts, which, if true, would entitle them to the relief sought, merely stating unsupported conclusions will not suffice. *Brown v. United States*, 656 F.2d 361, 363 (8th Cir.1981). "A section 2255 petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998) (*quoting Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir.1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir.1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir.1992).

Here, an evidentiary hearing is both unwarranted and unnecessary as all the issues raised by Atkins in his § 2255 Motion are resolvable by reviewing the record. As discussed above, after reviewing Atkins' claim against the record and applicable law, his claim does not support a cognizable claim for relief. Thus, an evidentiary hearing is unnecessary.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant

8

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case, as demonstrated above, Atkins has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

## *Conclusion*

WHEREFORE, the United States respectfully requests that Atkins' Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and requests the Court deny any motion by Atkins for a certificate of appealability for his failure to make a substantial showing that he was denied a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Respectfully submitted,

Duane (DAK) Kees
United States Attorney


By: */s/ David A. Harris*
David A. Harris
Assistant U.S. Attorney
Arkansas Bar No. 2003104
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/EMF participants:

    JEFFERY ATKINS
    REGISTER NO. 13950-010
    FCI FORREST CITY LOW
    FEDERAL CORRECTIONAL INSTITUTION
    SATELLITE CAMP
    P.O. BOX 8000
    FORREST CITY, AR 72336

            */s/ David A. Harris*
            David A. Harris
            Assistant U.S. Attorney