IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.                       Criminal No. 5:15-cr-50092-TLB-MEF

JEFFERY ATKINS                                                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response on July 17, 2018. (ECF No. 98). The matter is ready for Report and Recommendation.

### I. Background

On December 9, 2015, Defendant, Jeffery Atkins ("Atkins"), was named in an Indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two). (ECF No. 1). Atkins was arrested on January 8, 2016 (ECF No. 16), and he appeared before the Honorable Erin L. Setser[2], U. S. Magistrate Judge, for arraignment on January 11, 2016, at which time Atkins entered a not guilty plea to the Indictment. (ECF No. 7). Mr. Jack Schisler ("AFPD Schisler"), an Assistant Federal Public Defender, was appointed to represent Atkins. (ECF Nos. 7, 9).

A Superseding Indictment was filed on March 16, 2016, and a third count was added

---

[1] A one page non-standard form motion was initially filed on April 30, 2018. (ECF No. 93). A motion on the standard form (AO 243) was filed on July 2, 2018. (ECF No. 96).

[2] Now Hon. Erin L. Wiedemann.

charging Atkins with carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (ECF No. 30). Atkins was arraigned on the Superseding Indictment on March 18, 2016, and he entered a not guilty plea. (ECF No. 33).

On March 29, 2016, attorney Jack Kearney ("Mr. Kearney") filed a Motion to Substitute Attorney of Record on behalf of Atkins, and AFPD Schisler filed a Motion to Withdraw as Attorney. (ECF Nos. 38, 40). A Text Only Order granting AFPD Schisler's motion was entered on the same date, and a separate Text Only Order granting Mr. Kearney's motion was entered on March 30, 2016.

On July 8, 2016, Atkins appeared before the Honorable Timothy L. Brooks, U. S. District Judge, for a change of plea hearing. (ECF No. 54). A written plea agreement was presented to the Court, and Atkins pleaded guilty to Counts Two and Three of the Superseding Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF Nos. 54, 55). The Court determined that Atkins' guilty pleas were voluntary; that there was a factual basis for Atkins' pleas; and, his guilty pleas were accepted. (ECF No. 54). The Court expressed tentative approval of Atkins' plea agreement pending completion of a Presentence Investigation Report ("PSR"). (*Id*.).

An initial PSR was prepared by the United States Probation Office on September 20, 2016. (ECF No. 58). On October 25, 2016, Atkins advised that he had no objections to the PSR which directly affected the sentencing guidelines. (ECF No. 66). On October 19, 2016, the Government advised that it had no objections to the PSR that would impact the advisory guideline range. (ECF No. 63).

On October 25, 2016, a final PSR was submitted to the Court. (ECF No. 64). Regarding

Count Two, felon in possession of a firearm, the final PSR reported a base offense level of 20. (ECF No. 64, ¶ 35). No specific offense characteristics, victim related, role in the offense, obstruction of justice, or Chapter Four enhancement adjustments were made. (ECF No. 64, ¶¶ 36-41). After a three-level reduction for acceptance of responsibility was made, Atkins' total offense level for Count Two was determined to be 17. (ECF No. 64, ¶¶ 42-44). Regarding Count Three, possession of a firearm in furtherance of a drug trafficking crime, the final PSR reported that the guideline sentence is the minimum term of imprisonment required by statute; that pursuant to 18 U.S.C. § 924(c)(1)(A), the minimum term of imprisonment is five years; therefore, the guideline range is five years. (ECF No. 64, ¶ 45).

Atkins' criminal history resulted in a criminal history score of four, placing him in criminal history category III. (ECF No. 64, ¶ 53). The maximum term of imprisonment on Count Two is 10 years. (ECF No. 64, ¶ 83). The minimum term of imprisonment on Count Three is five years, and the maximum term is life. (*Id.*). Based upon a total offense level of 17 and a criminal history category of III, Atkins' advisory guideline range for Count Two was determined to be 30 to 37 months imprisonment, while the minimum term of imprisonment on Count Three is 60 months and shall be imposed to run consecutively to any other term of imprisonment. (ECF No. 64, ¶ 84).

Atkins appeared for sentencing on December 6, 2016. (ECF No. 75). The Court granted the Government's motion for a two-level downward departure on Count Two, and Atkins was sentenced to a term of 14 months imprisonment on Count Two. (*Id.*). Atkins was sentenced to a term of 60 months imprisonment on Count Three, to run consecutively to Count Two. (*Id.*). Three years supervised release was imposed on each count, to run concurrently; a fine of $3,400 was imposed, with interest waived; and, $200.00 in special assessments were assessed. (*Id.*). Judgment was

entered on December 9, 2016.  (ECF No. 77).  Atkins did not pursue a direct appeal.

On April 30, 2018, Atkins filed his pending motion in this Court. (ECF No. 93). The motion raises one ground for relief: that his conviction and sentence under 18 U.S.C. § 924(c) is unconstitutional pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018). (*Id.*). As his initial motion was not on the standard form for a motion under 28 U.S.C. § 2255, Atkins was directed to complete a standard form motion (AO 243). (ECF No. 95). He did so and filed it on July 2, 2018. (ECF No. 96). The United States filed its response on July 17, 2018. (ECF No. 98).

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Atkins' motion, and the files and records of this case, conclusively shows that Atkins is not entitled to relief, and the denial and dismissal of Atkins' § 2255 motion is recommended.

### A. Timeliness

The United States contends that Atkins' motion should be dismissed as untimely. (ECF No. 98, p. 4). The undersigned agrees.

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on December 9, 2016. (ECF No. 77). Had Atkins wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Atkins did not file an appeal, and his conviction thus became final on December 23, 2016. *See Murray v. United States*, 313 F.App'x 924 (8th Cir. 2009). From that date, Atkins had one year, or until December 23, 2017, to timely file a § 2255 habeas petition. Atkins signed his § 2255 motion on April 20, 2018, well beyond the one year limitations period.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at * 2-3 (W.D. Mo. Jan. 26, 2010), in

which the Government's motion to dismiss petitioner's § 2255 motion was granted where the motion was filed *one day* out of time. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [defendant] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Here, of course, we are not dealing with Atkins missing the limitations deadline by one day, but by nearly four months.

Atkins contends his § 2255 motion is timely because it was filed within one year of the Supreme Court's decision in *Dimaya*. (ECF No. 96, p. 12). For the reasons discussed below, *Dimaya* is inapplicable to Atkins' case; thus, it neither extends the one year limitations period nor provides a basis for relief. Consequently, Atkins' § 2255 motion was not timely filed and should be summarily dismissed.

### B. *Johnson*, *Welch*, and the Residual Clause of the ACCA

Atkins cites *Johnson, supra*, in support of his claim for relief. *Johnson* dealt with the residual clause of the Armed Career Criminal Act ("ACCA"). The ACCA defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known

as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

Atkins, however, was not sentenced pursuant to the provisions of the ACCA, so *Johnson* affords him no basis for relief.

### C.  *Sessions v. Dimaya*

In *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court held that *Johnson* was applicable to the definition of "crime of violence," *see* 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of "aggravated felony," *see* 8 U.S.C. § 1101(a)(43)(F), which is worded similarly to the ACCA's residual clause. While the language of the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) ("*involves conduct that presents a serious potential risk of physical injury to another*"), and the definition of "crime of violence" in 18 U.S.C. § 16(b) ("*involves a substantial risk that physical force against the person or property of another may be used*") is not identical, the Supreme Court found § 16(b) indistinguishable from the residual clause struck down in *Johnson*. In the present case, however, Atkins' sentence was not based upon conduct constituting a "crime of violence," but instead, because his possession of a firearm was in furtherance of a drug trafficking offense.

As the Government notes (ECF No. 98, p. 6), numerous courts have held that *Dimaya* has no application to convictions under 18 U.S.C. § 924(c) based on drug trafficking crimes. *See e.g., United States v. Johnson*, Cr. No. 3:12-850-CMC, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) (if *Dimaya* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion; "[t]herefore, the Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes"); *United States v. Luckey*, No. 3:16-cv-1984-O, 2018 WL 2077616, at *3 (N.D.Tex. May 4, 2018) ("because [Luckey] pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime – not use and carry of a firearm during a crime of violence – the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue"); *Russaw v. United States*, No. 2:16-cv-08146-RDP, 2018 WL 2337301, at *5 (N.D.Ala. May 23, 2018) ("Nothing in *Dimaya* suggests that the definition of 'drug trafficking crime,' which outlines specific offenses subject to classification as drug trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B), is unconstitutionally vague"); and, *Boyd v. United States*, No. 16-22157-Civ-Scola, 2018 WL 3155830, *2 (S.D.Fla. June 28, 2018) (defendant's sentence for knowingly carrying a firearm during and in relation to a drug trafficking crime "falls outside the ambit of [§] 924(c)'s residual clause").

Atkins was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 30, p. 2). In his written Plea Agreement, he agreed to plead guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), as well as possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 55, ¶ 1). In an admission of the factual basis in support of his guilty plea, Atkins specifically admitted that based on the amount of drugs, the location of the

firearm, as well as corroborating text messages and photographs, the United States could prove Atkins possessed the drugs with the intent to distribute and that the firearm was possessed in furtherance of said drug trafficking. (ECF No. 55, ¶ 3(a)[3]).

The PSR, to which Atkins had no substantive objections, clearly shows possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), as an offense of conviction. (ECF No. 64, pp. 1, 8). The Judgment also clearly reflects that Atkins was adjudicated guilty of possession of a firearm in furtherance of a drug trafficking offense. (ECF No. 77, p.1).

Based upon a thorough review of the record, and pursuant to the authorities cited above, *Dimaya* has no application to Atkins' § 924(c)(1)(A) conviction and sentence.

### D. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez,* 541 F.3d at 817. Those are the circumstances in this case. Resolution of Atkins' claim can be accomplished by reviewing the record and applicable law. A thorough review of Atkins' § 2255 motion, the files and records of this case, and applicable law, shows that Atkins is entitled to no relief. Accordingly, the summary dismissal of Atkins' § 2255 motion without an evidentiary hearing is recommended.

---

[3] This paragraph is mis-labeled as "3(a)," but it follows paragraph 3(h) on page 5.

### E. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Atkins has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

It is, therefore, recommended that Atkins' Motion Under 28 U.S.C. § 2255 (ECF No. 93), as amended (ECF No. 96), be **DISMISSED with PREJUDICE**. It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of July 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE